UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALTON M. PRAWL,

    Plaintiff,

v.                                Case No. 8:17-cv-1952-T-33TGW

CITY OF CLEARWATER, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. On August 16, 2017, Dalton M. Prawl, who is proceeding pro se, filed his Complaint in this Court. (Doc. # 1). For the reasons that follow, the Complaint is dismissed without prejudice and with leave to amend. If Prawl wishes to proceed with this action, he should file an amended complaint by September 20, 2017.

**Discussion**

The handwritten Complaint is a rambling mass of almost indecipherable allegations of misconduct by Defendants City of Clearwater, the Clearwater Police Department, and the Pinellas County Sheriff's Office. (Doc. # 1). Specifically, the Complaint, which is a filled-in form provided by the Clerk's Office with additional pages of allegations attached, lists the First, Fourth, Thirteenth, and Fourteenth

1

Amendments, as well as 18 U.S.C. §§ 241, 242, and 245, and 42 U.S.C. § 14141, as the basis for Prawl's claims. (Id. at 3).

Although Prawl frequently asserts that Defendants "terrorized" and "intimidated" him and his family over a period of three years, the facts surrounding this harassment are unclear. For example, Prawl flatly states that his rights were violated because Defendants, among other things, "searched [his] home without a warrant," denied him "religious liberty through daily intimidation and segregation," and "den[ied] [his] boys a place back into [an] after school program." (Id. at 5-7). But Prawl does not always identify which Defendant was responsible for which acts, beyond vaguely alleging that all Defendants have conspired against him. And Prawl does not separate his allegations of different types of misconduct into separate counts, nor provide further details or dates for these instances of misconduct.

Given the number of claims and defendants, the Court advises Prawl of the pleading requirements under the Federal Rules of Civil Procedure and Eleventh Circuit precedent. A complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, "[e]ach allegation must

be simple, concise, and direct." Fed. R. Civ. P. 8(d). And, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b). "These rules work together to require the [plaintiff] to present his claims discretely and succinctly, so that his adversar[ies] can discern what he is claiming and frame a responsive pleading." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996)(citation omitted).

Relatedly, shotgun pleadings are not permitted within the Eleventh Circuit. There are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a "pleading . . . that [does] . . . not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint . . . asserting multiple claims against multiple defendants without

specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Each "type[ ] of shotgun pleading[ ] . . . fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Because Prawl's Complaint fails to comply with these pleading requirements, the Court dismisses the Complaint. But the Court grants Prawl leave to file an amended complaint that complies with the pleading requirements by September 20, 2017. If Prawl decides to file an amended complaint, he should review the "Proceeding Without a Lawyer" section of the Court's website. Of particular note is the Handbook designed to help guide pro se litigants.

Prawl is also highly encouraged, though not required, to seek aid through the legal assistance program on Tuesdays from 11:00 a.m. to 1:00 p.m. on the second floor of the Sam A. Gibbons United States Courthouse. This legal assistance program is where pro se litigants may consult with a lawyer on a limited basis for free. A description of this program may be found on the Court's website under the "Proceeding Without a Lawyer" section.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Dalton Prawl's Complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE.**

(2) Prawl may file an amended complaint **by September 20, 2017.** If he elects to file an amended complaint, Prawl must comply with the pleading requirements as outlined in this Order.

(3) Failure to file an amended complaint **by September 20, 2017,** will result in dismissal and closure of this case without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of August, 2017.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE